# EXHIBIT 1

Index of Documents Filed in State Court
*Brenda Spencer v. Macy's Retail Holdings, LLC*,
No. DC-21-14102, 193rd Judicial District Court, Dallas County, Texas

| Document Filed | Date Filed |
|---|---|
| Plaintiff's Original Petition | September 21, 2021 |
| Civil Case Information Sheet | September 21, 2021 |
| Notice of Initial Dismissal Hearing | September 24, 2021 |
| Affidavit of Michael C. Christman | September 28, 2021 |
| Defendant's Original Answer and Defenses to Plaintiff's Original Petition | October 12, 2021 |

FILED
9/21/2021 10:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

Case 3:21-cv-02548-N   Document 1-1   Filed 10/18/21   Page 3 of 22   PageID 9

DC-21-14102

NO. _____

| | | |
|---|---|---|
| **Brenda Spencer,** | § | |
| *Plaintiff* | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | 193rd |
| | § | |
| **Macy's Retail Holdings, LLC,** | § | _____ **JUDICIAL DISTRICT** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Brenda Spencer, files this Original Petition against Defendant Macy's Retail Holdings, LLC.

## DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

## PARTIES

2.      Plaintiff, Brenda Spencer, is an individual and a citizen of Dallas County, Texas.

3.      Defendant, Macy's Retail Holdings, LLC ("Macy's"), is a foreign company organized under the laws of the State of Ohio and doing business in the State of Texas. Defendant Macy's Retail Holdings, Inc. may be served through its registered agent, Corporate Creations Network Inc., 5444 Westheimer Road, #1000, Houston, Texas 77056.

## VENUE

4.      Venue is proper in this Court pursuant to the Texas Civil Practice and Remedies Code §15.002(a) as the acts alleged herein occurred in Dallas County, Texas. This Court has jurisdiction in that Plaintiff's damages are within the jurisdictional limits of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On or about October 8, 2020, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination because of age, race, color, and national origin, and retaliation for complaining about racial discrimination. This action is being commenced within the required time limits of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code §§ 21.001 *et. seq*., in that (a) the charge was filed with the TWC within 180 days of the actions being complained of in this lawsuit, (b) this action is being filed more than 180 days after the charge was filed with the TWC, and (c) this lawsuit is being filed within two (2) years of the date the Charge was filed with the TWC.

## FACTUAL BACKGROUND

6.      Spencer, a 59-year-old Black female, was a loyal employee of Defendant at its NorthPark Center location in Dallas, Texas from 2007 until she was wrongfully terminated on or about June 25, 2020. Spencer's 13-year tenure as Sales Manager was devoid of any performance or disciplinary issues.

7.      In August 2018, Josh Adkins, who is White and in his late 30s, became Store Manager. Spencer noticed that Adkins frequently looked the other way when she brought her White coworkers' mistakes to his attention. Spencer's White coworkers would often sit in an upstairs office chatting with one another during work hours, forcing Spencer to stay beyond her scheduled hours and help with customer issues that her White coworkers frequently ignored. After she complained about her coworkers' behavior to Adkins, Adkins told her to let him know if she saw the behavior happening again. In early 2019, Spencer found Sales Managers Ryan Craton, Jeanene Rosa, Kellie Heath, all of whom are White and in their 20s, in a group upstairs avoiding

the sales floor. Spencer took a picture of the group and sent it to Adkins, who, instead of offering to correct the coworkers' behavior, asked Spencer what she was doing upstairs. She stated that she had been forced to stay two hours past her scheduled shift because she was the only manager on the sales floor helping with customer issues. Adkins did not discipline the coworkers.

8.      On or about January 12, 2020, Operations Manager Donny Gillardi, who is White and in his early 40s, instructed Spencer to scan inventory. Spencer replied that scanning inventory was not what she had been assigned to do that day, whereupon Gillardi began berating her, stating, "you need to do your f---ing job," cursing, and belittling her. Spencer told Gillardi that he could not speak to her in such a manner. Enraged, Gillardi demanded Spencer leave and go home, but Gillardi had no such power to make Spencer leave. The next day, Spencer reported Gillardi's behavior to Assistant Store Manager Eric Limbocker, who is White. Limbocker stated that he had already heard concerns about Gillardi and would address the issue. However, Gillardi was never reprimanded, and his hostile behavior toward Spencer and her Black coworkers continued.

9.      On or about February 5, 2020, Visual Manager Joshua Hoffman, who is White and in his 30s, moved three large fixtures into the middle of the sales floor. Spencer asked Hoffman if he was going to remove the fixtures. Hoffman said he would remove the fixtures when he returned from lunch, took a few steps, turned around, and stated to her, "You need to know your rank. I don't report to you. I'm a Senior Manager—you report to me." Taken aback by Hoffman's statement, Spencer reported his statement to Limbocker, and Limbocker entirely dismissed her and denied that Hoffman ever made the statement. Later in February, Adkins terminated two managers as part of layoffs, both of whom were Black.

10.      On or about March 1, 2020, Spencer was scheduled to receive a pay increase, but that was never reflected in her paychecks.

11.     On or about April 1, 2020, Defendant announced a large-scale furlough of most of its employees, including Spencer, due to the COVID-19 pandemic. Adkins told Spencer and her coworkers that he would be in touch with them to give an update.

12.     On May 31, 2020, in response to the deaths of George Floyd, Ahmaud Arbery and Breonna Taylor and the Black Lives Matter movement, Macy's Chairman and CEO Jeff Gennette, posted an open letter on Macy's Instagram account. Using the #BlackLivesMatter hashtag, Gennette, who is White, called for an end to "the racial injustice that pervades this country," praised Macy's "long history of having a workforce that is as diverse as the many communities we serve," and committed to a company culture of inclusion "that welcomes and respects all."[1] On June 5, 2020, Gennette, led a "Can We Talk?" program on the topic of systemic racism in which he pledged the Company's commitment to the Black Lives Matter movement and uplifting Black employees.

13.     On June 18, 2020, Spencer emailed the Company's HR Services, InStore Solutions, and stated that she had not heard from her People Leader for a possible return date from the furlough, yet most of her colleagues had already returned to work with the exception of three sales managers, including Spencer. Spencer then received a call from Dawn Gadrowe, who worked in Defendant's human resources department. Spencer told Gadrowe that she was concerned about a lack of communication from Adkins and told Gadrowe that her White coworkers had been back to work since April 30, 2020. During the call, Spencer explained Adkins' preferential treatment of her White colleagues and how her complaints had consistently gone unaddressed. Gadrowe told Spencer she would follow up with her concerns, but when Spencer checked on the status of her concern a few days later through InStore Solutions, she was shocked to discover that Gadrowe had

---

[1] Macy's (@macys), INSTAGRAM (May 31, 2020), https://www.instagram.com/p/CA34m2PAA1s.

designated their 45-minute conversation as a "dropped call/case closed" that had been closed the same day it was opened.

14.    On June 25, 2020, Adkins called Spencer and stated that the Company was terminating her due to restructuring. Spencer asked how that decision had been made to decide who was terminated and who stayed. Adkins replied that the decision had been made by assessments and reviews. Spencer later learned that she had been terminated at the same time as over 30 other Black colleagues, including two other Black sales managers and a Black sales supervisor, all of whom were over the age of 50. After her termination, Spencer learned that she had been replaced by Kellie Heath, who is White.

## CAUSES OF ACTION

### A.    Cause of Action—Age Discrimination—TCHRA

15.    Plaintiff incorporates each of the foregoing paragraphs.

16.    Defendant discriminated against Plaintiff because of her age.

17.    Defendant's actions violated section 21.051 of the Texas Labor Code.

### B.    Cause of Action—Race Discrimination—TCHRA

18.    Plaintiff incorporates each of the foregoing paragraphs.

19.    Defendant discriminated against Plaintiff because of her race.

20.    Defendant's actions violated section 21.051 of the Texas Labor Code.

### C.    Cause of Action—Color Discrimination—TCHRA

21.    Plaintiff incorporates each of the foregoing paragraphs.

22.    Defendant discriminated against Plaintiff because of her color.

23.    Defendant's actions violated section 21.051 of the Texas Labor Code.

### D.    Cause of Action—National Origin Discrimination—TCHRA

24.     Plaintiff incorporates each of the foregoing paragraphs.

25.     Defendant discriminated against Plaintiff because of her national origin.

26.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**E.      Cause of Action—Unlawful Retaliation—TCHRA**

27.     Plaintiff incorporates each of the foregoing paragraphs.

28.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

29.     In response, Defendant retaliated against Plaintiff and ultimately terminated her employment.

30.     Defendant's actions violated section 21.055 of the Texas Labor Code.

## DAMAGES

31.     Plaintiff incorporates each of the foregoing paragraphs.

32.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

33.     Because Defendant's actions were done with actual malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

34.     Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

35.     Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

**ATTORNEY FEES**

36.     Plaintiff retained the services of undersigned counsel to prosecute her claims.

37.     Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

**INJUNCTIVE AND DECLARATORY RELIEF**

38.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

> a.      Prohibiting Defendant from engaging in unlawful discrimination;
>
> b.      Reinstating Plaintiff s employment with Defendant with backpay;
>
> c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;
>
> d.      Paying court costs;
>
> e.      A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and
>
> f.      Any additional equitable relief the Court deems proper.

**JURY DEMAND**

39.     Plaintiff requests trial by jury on all claims.

**NOTICE OF INTENT TO USE DOCUMENTS**

40.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiff, by and through the undersigned attorney, notifies Defendant of Plaintiff's intention to use, any pretrial proceeding or at trial, any documents produced by Defendant in response to Plaintiff's written discovery.

## CIVIL PRACTICES AND REMEDIES CODE § 30.014

41.     Pursuant to the Civil Practices and Remedies Code § 30.014, the last three numbers of Plaintiff's social security number are 951 and the last three numbers of Plaintiff's driver's license number are 285.

## DESIGNATED ELECTRONIC SERVICE EMAIL ADDRESS

42.     The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): filings@travisgasper.com. This is the undersigned's ONLY electronic service email address and service through any other email address will be considered invalid.

## PRAYER

43.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    a.  Back pay and front pay (including benefits);

    b.  Compensatory damages;

    c.  Punitive damages;

    d.  Reasonable attorneys' fees and expert fees;

    e.  Injunctive and declaratory relief, including but not limited to, an Order:

        1.  Prohibiting Defendant from engaging in unlawful discrimination;

        2.  Reinstating Plaintiff's employment with Defendant with backpay;

        3.  Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

4. Paying court costs;

5. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

6. Any additional equitable relief the Court deems proper;

f.  Court costs;

g.  Pre-judgment and post-judgment interest at the rate set by law; and

h.  All legal or equitable relief this Court deems proper.


Respectfully submitted,


/s/Travis Gasper
**Travis Gasper**
State Bar No. 24096881
**GASPER LAW, PLLC**
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
Tel.: 972.504.1420
Fax: 833.957.2957
Email: travis@travisgasper.com
Service Email: filings@travisgasper.com

ATTORNEY FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

193rd

CAUSE NUMBER (FOR CLERK USE ONLY): DC-21-14102 COURT (FOR CLERK USE ONLY): ______________

STYLED Brenda Spencer v. Macy's Retail Holdings, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Travis Gasper

Email: travis@travisgasper.com

Address: 1408 N. Riverfront Blvd., Ste. 323

Telephone: 972.504.1420

City/State/Zip: Dallas, TX 75207

Fax: 833.957.2957

Signature: /s/Travis Gasper

State Bar No: 24096881

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Brenda Spencer

Defendant(s)/Respondent(s): Macy's Retail Holdings, LLC

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- ☑ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: ______

Additional Parties in Child Support Case:

Custodial Parent: ______

Non-Custodial Parent: ______

Presumed Father: ______

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### *Civil*

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: ______

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: ______

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: ______
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: ______
- ☐ Other Injury or Damage: ______

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: ______

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus—Pre-indictment
- ☐ Other: ______

**Employment**
- ☑ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: ______

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: ______

### *Family Law*

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: ______

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: ______

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### *Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: ______

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (*do not select if it is a family law case*):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☑ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000



DC-21-14102

| | |
|---|---|
| **BRENDA SPENCER** | **IN THE DISTRICT COURT** |
| **vs.** | **193RD JUDICIAL DISTRICT** |
| **MACY'S RETAIL HOLDINGS, LLC** | **DALLAS COUNTY TEXAS** |

## <u>NOTICE OF INITIAL DISMISSAL HEARING</u>

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY**, **November 05, 2021,** at 1:30 p.m. in the 193rd District Court Courtroom.

1.　　　If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.　　　If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.　　　If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing should be reset.  Please contact the Court Administrator to obtain reset. You are expected to obtain a default judgment before the reset date of the Dismissal Hearing/Status Conference, or the case is subject to being dismissed.

4.　　　If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this September 24, 2021

_____
The Honorable Bridgett N. Whitmore,
193rd Judicial District Court

FILED
9/28/2021 11:19 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jenifer Trujillo DEPUTY

Case 3:21-cv-02548-N   Document 1-1   Filed 10/18/21   Page 14 of 22   PageID 20

CAUSE NO. DC-21-14102

| | | |
|---|---|---|
| BRENDA SPENCER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| MACY'S RETAIL HOLDINGS, LLC, | § | |
| | § | |
| Defendant. | § | 193rd JUDICIAL DISTRICT |

### AFFIDAVIT OF MICHAEL C. CHRISTMAN

I, Michael C. Christman, being duly sworn, hereby state the following:

1.      I am competent and of sound mind, older than 21 years of age, and capable of making this affidavit, and I have personal knowledge of the facts stated herein. The facts stated herein are true and correct.

2.      I am employed as Senior Counsel – Litigation in Macy's Law Department, and I am counsel of record for Defendant Macy's Retail Holdings, LLC in the above-entitled and numbered case.

3.      I acknowledge that I received a copy of Plaintiff's Original Petition in this case on September 23, 2021 and accept service of process in this case as of that date.

FURTHER AFFIANT SAYETH NAUGHT.

Michael C. Christman

---

AFFIDAVIT OF MICHAEL C. CHRISTMAN – P. 1

STATE OF MISSOURI        §

COUNTY OF SAINT LOUIS     §

       I, a notary public of the state and county aforesaid, certify that Michael C. Christman personally appeared before me this day, was duly sworn and made the foregoing statements on his oath, and acknowledged to me that he voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated.

Date:   September 28, 2021

Official Signature of Notary: *Nickol D. M. Washington*

Notary's Printed or Typed Name: *Nickol D. M. Washington*

My Commission Expires: *4-12-2025*

      (Official Seal)

```
NICKOL D. M. WASHINGTON
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17588765
My Commission Expires 04-12-2025
```

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57662304
Status as of 9/28/2021 2:30 PM CST

Associated Case Party: BRENDA SPENCER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Travis Gasper | | travis@travisgasper.com | 9/28/2021 11:19:22 AM | SENT |
| Travis Gasper | | filings@travisgasper.com | 9/28/2021 11:19:22 AM | SENT |

Associated Case Party: MACY'S RETAIL HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Arthur Lambert | | alambert@fisherphillips.com | 9/28/2021 11:19:22 AM | SENT |

FILED
10/12/2021 10:24 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Scott Anders DEPUTY

CAUSE NO. DC-21-14102

| | | |
|---|---|---|
| BRENDA SPENCER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| MACY'S RETAIL HOLDINGS, LLC, | § | |
| | § | |
| Defendant. | § | 193rd JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES Defendant Macy's Retail Holdings, LLC ("Defendant"), filing this its Original Answer and Defenses to Plaintiff Brenda Spencer's ("Plaintiff") Original Petition (the "Petition") herein.  As to all claims asserted in the Petition, Defendant responds as follows:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant hereby generally denies each and every, all and singular, allegation, charge, and claim set forth in the Petition, and demands strict proof thereof by a preponderance of credible evidence.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust the required administrative remedies and exceeded the reasonable scope of investigation of her Charge of Discrimination.

---

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

4.      Plaintiff's damages, if any, are limited by the statutory provisions under which they are brought.

5.      To the extent Defendant obtains after-acquired evidence of wrongdoing by Plaintiff through discovery or otherwise, the Petition and claims therein are barred in whole or in part by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages/fees/costs/expenses.

6.      Plaintiff's damages, if any, were caused by Plaintiff's own conduct or by the conduct of third parties.

7.      Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Petition, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant, has been fully performed, satisfied, or discharged.

8.      Plaintiff was an at-will employee under Texas law, and therefore her employment could be terminated, and her compensation and job responsibilities modified, at will.

9.      Plaintiff's damages are barred in whole or in part pursuant to the doctrine of avoidable consequences and/or because Plaintiff failed to mitigate, minimize, or otherwise avoid losses, damages, costs, or expenses.

10.     Plaintiff's claims are barred in whole or in part because if Plaintiff sustained any damage, injury, and/or detriment as alleged in the Petition, such injury was caused by her own conduct.

11.     Defendant had, at all relevant times, an anti-discrimination and anti-retaliation policy and complaint procedure in place and Plaintiff failed to avail herself of the internal

procedures for complaints of discrimination and retaliation. Plaintiff's damages, if any, are reduced to the extent Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination and retaliation, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

12.     Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the laws of the State of Texas and United States Constitution and any other applicable statute or common law concerning the recovery of damages. Accordingly, Defendant specifically pleads the limitations, restrictions, and/or bar on the recovery by Plaintiff of such damages in accordance with applicable law.

13.     Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant.  Furthermore, Defendant did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, did not authorize or ratify any such acts, and did not have advance knowledge of the unfitness of any employee and employ that employee with a conscious disregard of the rights and safety of others.

14.     Any conduct attributed to Defendant was justified, made in good faith, made for legitimate, non-discriminatory, non-retaliatory business reasons, was protected by the managerial privilege, and/or was otherwise privileged.

15.     At all times relevant, Defendant acted in good faith and did not violate any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines. However, even assuming solely *arguendo* a discriminatory or retaliatory motive could be attributed to any adverse employment action, Defendant would have made the same decision absent any improper motive, thereby barring and/or limiting Plaintiff's damages.

16.    The Petition and claims therein cannot be maintained against Defendant because Plaintiff has failed to allege the requisite causal connection between any alleged protected activities/category and any alleged adverse employment action.

17.    Plaintiff's claims are barred under the doctrines of laches, estoppel, waiver, and/or unclean hands.

18.    Defendant did not engage in any act, practice, policy, custom, or usage that has denied, abridged, withheld, limited, or otherwise interfered with Plaintiff's rights because of any protected category or protected activity.

19.    The Petition and each cause of action set forth therein cannot be maintained against Defendant because any adverse employment action suffered by Plaintiff was based upon reasonable factors other than any protected category and/or protected activity.

20.    The Petition and each cause of action set forth therein cannot be maintained against Defendant because any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits, earnings, or monies that Plaintiff has received or will receive from collateral sources, setoffs, recoupments, or otherwise.

21.    Plaintiff's claims are subject to any and all statutory caps/preclusions.

Defendant hereby expressly reserves the right to amend its Answer and assert any additional defenses and/or any counterclaims or third-party claims permitted under applicable law/rules.

WHEREFORE, Defendant prays that judgment be rendered in its favor and against Plaintiff, dismissing her claims with prejudice.  Defendant further requests an award of fees and costs reasonably incurred to defend this action, and for all general and equitable relief to which Defendant justly may be entitled.

Respectfully submitted,

MACY'S LAW DEPARTMENT

By: _____

Michael C. Christman
State Bar No. 24038817
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
Telephone: (314) 342-6334
Facsimile: (314) 342-6366
Email: michael.christman@macys.com

Arthur V. Lambert
State Bar No. 11841250
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX 75201
Tel: (214) 220-8324
Fax: (214) 220-9122
Email: alambert@fisherphillips.com

**ATTORNEYS FOR DEFENDANT
MACY'S RETAIL HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I caused a true and correct copy of the above-referenced document to be served via e-service to:

Travis Gasper
Gasper Law, PLLC
1408 N. Riverfront Blvd., Suite 323
Dallas, Texas 75207
Email: filings@travisgasper.com

_____
Michael C. Christman

_____
DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION     PAGE 5

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 58090845
Status as of 10/13/2021 2:55 PM CST

Associated Case Party: MACY'S RETAIL HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Arthur Lambert | | alambert@fisherphillips.com | 10/12/2021 10:24:31 AM | SENT |

Associated Case Party: BRENDA SPENCER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Travis Gasper | | filings@travisgasper.com | 10/12/2021 10:24:31 AM | SENT |