IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDA SPENCER, | § |
| *Plaintiff*, | § § § |
| v. | §   CIVIL ACTION NO. 3:21-cv-02548-N |
| MACY'S RETAIL HOLDINGS, LLC, | § § § |
| *Defendant*. | § |

## JOINT REPORT OF STATUS AND SCHEDULING CONFERENCE

1.  **Brief statement of the nature of the case and the contentions of the parties.**

    Plaintiff contends Defendant discriminated against her on the basis of age, race, color, and national origin, and in retaliation for complaining about discrimination, in violation of state and federal law.

    Defendant denies all material allegations of fact and denies all existence of any violations of law as alleged or otherwise. More specifically, Defendant contends that Plaintiff's employment was terminated without any regard to her race, color, national origin or age nor any alleged complaints about her treatment.  Plaintiff was subject to a reduction in force that was based on factors other than her membership in any protected class.  Defendant did not discriminate or retaliate against Plaintiff on the basis of any legally protected characteristic, trait or activity.

2.  **Status of settlement discussions.**

    On July 23, 2020, Plaintiff sent an email to Defendant notifying Defendant of Plaintiff's claims and containing a settlement offer. No other settlement discussions have taken place at this time. The parties agree to discuss settlement and to consider mediation

at a mutually agreeable date after necessary discovery is completed.

3. **Possible joinder of additional parties.**

   No party currently anticipates the joinder of others.

4. **Any anticipated challenges to jurisdiction or venue.**

   Defendant alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 1441(b) as complete diversity exists and the amount in controversy exceeds $75,000. There are no presently anticipated challenges to jurisdiction or venue.

5. **Date by which the case will be ready for trial and estimated length of trial.**

   This case will be ready for trial on October 24, 2022. Estimated length of trial 3-5 days.

6. **Desirability of ADR and the timing for ADR.**

   The parties agree to consider mediation as a reasonably suitable alternative dispute resolution mechanism once discovery is completed or at least some significant discovery has taken place.

7. **Any objections to disclosure under Rule 26(a)(1).**

   None.

# RULE 26(f) CONFERENCE

a. **What changes, if any should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties are unaware of any need for changes in the timing, form, or requirement for disclosure under Rule 26(a). The parties will exchange Initial Disclosures on or before December 3, 2021.

b. **The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties do not believe discovery should be conducted in phases or be limited to or focused upon particular issues. The parties anticipate taking discovery regarding the facts and circumstances of the following, among other things:

1. Plaintiff's allegations of age, national origin, color and race discrimination.
2. Plaintiff's allegations of retaliation.
3. Defendant's policies and practices.
4. Plaintiff's employment with Defendant, including but not limited to Plaintiff's performance and disciplinary history.
5. Defendant's decision to terminate Plaintiff.
6. Plaintiff's employment history subsequent to Plaintiff's termination, and her efforts to obtain employment.
7. The reasonableness and necessity of Plaintiff's attorneys' fees.
8. Any other matters related to Plaintiff's alleged damages, including any out-of-pocket expenses and/or the fact and circumstances surrounding Plaintiff's claims.
9. Defendant's defenses.

c. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

No known issues. The Parties agree to cooperate on the production of any ESI.

**d.     Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties are unaware of any issues at this time.

**e.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties are unaware of any need for changes in discovery limitations at this time.

**f.     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties anticipate that they will request entry of a Protective Order in Judge Godbey's standard form to protect proprietary or confidential information that may be disclosed by either during the course of discovery.

Respectfully submitted this 10th day of November, 2021.

| | |
|---|---|
| */s/ Travis Gasper* | */s/ Arthur V. Lambert* |
| Travis Gasper | Michael C. Christman |
| Texas Bar No. 24096881 | Texas Bar No. 24038817 |
| GASPER LAW, PLLC | MACY'S LAW DEPARTMENT |
| 1408 N. Riverfront Blvd., Suite 323 | 11477 Olde Cabin Road, Suite 400 |
| Dallas, TX 75207 | St. Louis, MO 63141 |
| Telephone: (972) 504-1420 | Telephone: (314) 342-6334 |
| Facsimile: (833) 957-2957 | Facsimile: (314) 342-6366 |
| *travis@travisgasper.com* | *michael.christman@macys.com* |
| **ATTORNEYS FOR PLAINTIFF** | Arthur V. Lambert |
| | Texas Bar No. 11841250 |
| | FISHER & PHILLIPS LLP |
| | 500 N. Akard Street, Suite 3550 |
| | Dallas, TX  75201 |
| | Telephone: (214) 220-9100 |
| | Facsimile: (214) 220-9122 |
| | *alambert@fisherphillips.com* |
| | **ATTORNEYS FOR DEFENDANT** |